# United States District Court
# For The Western District of North Carolina
# Charlotte Division

Anthony Lee Scott,

        Plaintiff(s),

vs.

USA,

        Defendant(s).

JUDGMENT IN A CIVIL CASE

3:05cv179-1/3:94-cr-1

DECISION BY COURT. This action having come before the Court and a decision having been rendered;

IT IS ORDERED AND ADJUDGED that Judgment is hereby entered in accordance with the Court's 5/3/05 Order.

May 4, 2005

FRANK G. JOHNS, CLERK

BY: *Betsy Wallace*

Betsy Wallace, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV179-1-MU
3:94CR1-P

ANTHONY LEE SCOTT, )
)
Petitioner, )
)
v. ) **O R D E R**
)
UNITED STATES OF AMERICA, )
)
Respondent. )
_____ )

**THIS MATTER** comes before the Court upon Petitioner's Motion Under Rule 35(a), filed March 4, 2005.

On January 24, 1995, this Court sentenced Petitioner to 262 months imprisonment for violating 21 U.S.C. § 846. On or about November 25, 1996, the United States Court of Appeals for the Fourth Circuit affirmed Petitioner's conviction and sentence. On March 30, 1998, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence (3:98CV132-P). On June 4, 1998, this Court dismissed Petitioner's Motion to Vacate. Petitioner did not appeal the denial of his Motion to Vacate. On July 28, 2004,[1] Petitioner filed a motion pursuant to Rule 33 challenging his sentence and conviction purportedly based upon newly discovered evidence under the Supreme Court ruling in Blakely v. Washington, 124 S. Ct. 2531 (2204). This Court concluded that his motion was not properly brought under Rule 33 and construed it as a successive motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The

---

[1] On November 8, 2004, Petitioner filed an identical Rule 33 motion which was again denied by this Court.

Fourth Circuit affirmed this Court's ruling.

Petitioner has filed yet another document challenging his sentence. In his present motion Petitioner argues that his sentence violates his constitutional rights as set forth in United States v. Booker, 125 S. Ct. 738 (2005) and that his counsel was ineffective for numerous reasons.

In his latest attempt to challenge his sentence and conviction, Petitioner moves under Rule 35(a). Rule 35(a) authorizes a district court to correct a clear error within seven days after sentencing. Fed. R. Crim. P. 35(a). Petitioner's arguments clearly do not fall within the scope of Rule 35(a). Rather, Petitioner's arguments are again more properly brought as a motion to vacate, correct, or set aside sentence pursuant to 28 U.S.C. § 2255. However, under the Antiterrorism and Effective Death Penalty Act (AEDPA), "a second or successive motion must be certified . . . by a panel of the appropriate court of appeals. . ." 28 U.S.C. § 2255 (1997). Therefore, the Petitioner must first certify his claim with the United States Court of Appeals for the Fourth Circuit.

### THEREFORE, IT IS HEREBY ORDERED that:

1. The Clerk is directed to treat this motion as motion to vacate, set aside, or correct sentence and file a copy of this Order within the civil case number assigned; and

2. Petitioner's Motion Under Rule 35(a), which this Court has construed as a Motion to Vacate, Set Aside, or Correct Sentence, is DISMISSED without prejudice as successive.

This the 30 day of May 2005.

Graham C. Mullen, Chief Judge
United States District Court

2