# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

**DOCKET NO. 3:94-CR-1-2-FDW**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | MEMORANDUM |
| ANTHONY LEE SCOTT, ) | OF DECISION |
| ) | |
| Defendant. ) | |
| ) | |

In this matter before the Court for a reduction of sentence pursuant to 18 U.S.C.§ 3582(c)(2) and Amendment 706 of the U.S.S.G. (made retroactive by Amendment 713), the Court makes the following findings and conclusions:

1.  Defendant is eligible for a sentence reduction to a period of confinement equal to 210 months for the reasons set forth in the Supplement to the Presentence Report.

2.  In the case of a defendant who has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2) provides that the Court *may* reduce the term of imprisonment "after considering the factors set forth in section 3553(a) to the extent they are applicable" and if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission. In the Commentary to U.S.S.G. § 1B1.10, the Sentencing Commission emphasized that the decision to grant a sentence reduction authorized by retroactive amendments is discretionary and that retroactivity does not entitle a defendant to a reduced term of imprisonment as a matter of right.

3.  The full record before the Court reflects a defendant who has committed numerous disciplinary infractions during his term of imprisonment, and thus has failed to demonstrate full

rehabilitation. While Defendant belongs to the class of persons who otherwise ought to benefit from the retroactive application of Amendment 706, the Court feels that some additional time in custody is warranted for Defendant to develop proper respect for the law.

4. Upon consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a), the possible threat to public safety posed by the early release of a person with this defendant's criminal predispositions, and this defendant's post-sentencing conduct, the court finds:

   a. That the defendant should receive some benefit from the retroactive application of Amendment 706, but that a reduction to 210 months is inappropriate in light of Defendant's numerous infractions while incarcerated; and

   b. That a sentence of **225 months** is adequate, but no greater than necessary, to accomplish the objectives of 18 U.S.C. § 3553(a), while a further reduction would frustrate those objectives.

An appropriate Order shall issue separately.

Signed: February 4, 2009

Frank D. Whitney
United States District Judge